Filed 3/28/14  P. v. Martinez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B250736 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA406759) |
| v. | |
| HENRY MARTINEZ, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Los Angeles County.  Rand S. Rubin, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A February 11, 2013 information charged Henry Martinez with one count of second degree robbery (Pen. Code, § 211), and further alleged Martinez used a deadly and dangerous weapon (a knife) in the commission of the robbery (Pen. Code, § 12022, subd. (b)(1)). An amended information filed on June 5, 2013 alleged the deadly and dangerous weapon Martinez used in the commission of the robbery was a box cutter, not a knife.

Before trial, on March 13, 2013, Martinez made a *Marsden* motion.[1] The trial court held a hearing outside the presence of the prosecutor and denied the motion.

The matter went to trial on June 7, 2013. Evidence presented at trial showed that on January 13, 2013, at about 5:00 p.m., in MacArthur Park, Martinez approached robbery victim Ramiro Vasquez and a group of Martinez's acquaintances and demanded money from them.[2] When they declined to give him money, Martinez became angry and shouted profanities at them. Martinez walked toward Vasquez's bag, which was on a park bench in front of Vasquez. The bag contained Vasquez's passport, clothes and other items. Vasquez grabbed the handle of his bag and held onto it. Martinez cut the handle of Vasquez's bag with a box cutter. Vasquez continued to hold onto the bag and started to walk away. Martinez approached Vasquez from behind and threatened to stab Vasquez with the box cutter. Vasquez turned around and Martinez thrust the box cutter toward him. Vasquez used the bag to protect himself and pushed Martinez with the bag. Vasquez dropped the bag and Martinez picked it up and fled onto Wilshire Boulevard and then down an alley. Vasquez started to follow Martinez, but did not catch up to him.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] Vasquez had seen Martinez at MacArthur Park on numerous prior occasions. Martinez had asked Vasquez for money once before January 13, 2013.

Shortly thereafter, Vasquez went into the alley and found his empty bag and some of the items that had been inside.[3]

Vasquez dialed 911 and reported the robbery, informing the operator that he knew the suspect, but not by name, and that the suspect had a knife. Officers responded and drove Vasquez around the park to look for Martinez. Vasquez saw Martinez walking in MacArthur Park and pointed him out to the officers. Martinez looked toward the patrol car and dropped something on the ground. After detaining Martinez, the officers recovered the box cutter Martinez had dropped.[4]

On June 11, 2013, the jury found Martinez guilty of second degree robbery and also found true the special allegation that Martinez used a deadly and dangerous weapon (box cutter) in the commission of the robbery. The trial court sentenced Martinez to the upper term of five years for the offense, plus one year for the deadly and dangerous weapon enhancement, for a total prison term of six years. In imposing the upper term, the court found circumstances in aggravation, including that the "planning, sophistication," and "professionalism" with which the crime was carried out and other facts indicate premeditation (see Cal. Rules of Court, rule 4.421(a)(8)). Moreover, as the prosecution pointed out in its sentencing memorandum (but not cited on the record by the trial court), Martinez, who was 22 years old when he committed this robbery, was on probation for a misdemeanor violation of Penal Code section 626.10, subdivision (a), possessing a knife on school property.

Martinez appealed. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On January 7, 2014, we advised Martinez that he personally had 30 days to submit

---

[3] The factual summary above is taken from Ramiro Vasquez's trial testimony. Vasquez's friends, Marco Reyes and Raul Vasconez, who were present during the January 13, 2013 robbery, also testified at trial.

[4] Los Angeles Police Department Officer Anthony Choi testified at trial.

any contentions or issues he wished us to consider.  We also directed his appointed counsel to send the record and opening brief to Martinez immediately.  To date, we have received no response from Martinez.

We have examined the entire record, including the confidential transcript from the March 13, 2013 hearing on Martinez's *Marsden* motion, and are satisfied that Martinez's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.